JOSEPH WEBB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Webb v. Commissioner
Docket No. 14769-80
United States Tax Court
T.C. Memo 1982-372; 1982 Tax Ct. Memo LEXIS 375; 44 T.C.M. (CCH) 337; T.C.M. (RIA) 82372; June 30, 1982
Joseph Webb, pro se. Evelyn E. Small, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code. [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *376 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1977 in the amount of $ 897 and an addition to tax for negligence, under section 6653(a), in the amount of $ 44.85. The respondent has conceded all of the adjustments made in the statutory notice of deficiency except that made with respect to charitable contributions. Therefore, the only issues for decision are: (1) The amount of charitable contributions deductible by petitioner, under section 170; and (2) whether any part of the underpayment of tax is due to negligence or intentional disregard of rules and regulations. The respondent does not question that the organizations to which contributions are claimed to have been made by the petitioner are of the type described in section 170(c)(2). The petitioner filed a timely Federal income tax return as an unmarried head of household for the year 1977. At the time the petition herein was filed, he resided at 5 Danbury Street, N.W., No. 5, Washington, D.C.
Some of the facts in this case were stipulated. The stipulations of fact and the exhibits attached thereto are incorporated *377 herein by this reference. On his income tax return for the year 1977, the petitioner claimed a deduction for charitable contributions in the total amount of $ 3,285. In the statutory notice of deficiency, the respondent disallowed this to the extent of $ 2,083.38 "because it has not been established that any amount in excess of $ 1,201.62 was expended for the purpose designated." Shortly before the trial of this case, the respondent filed an amended answer, claiming an increase in deficiency in income tax for the year 1977 in the amount of $ 272.46 and an increase in the addition to the tax in the amount of $ 13.62, alleging that $ 904.22 of the amount allowed for charitable contributions in the statutory notice of deficiency was paid for petitioner's bingo and raffle games at the Knights of Columbus-Bishop Byrne Micky Club and St. Thomas More Church and is, therefore, not deductible. The burden of proof is upon the petitioner to establish that the determination made by the respondent in the statutory notice of deficiency was erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). On the other hand, where the *378 respondent attempts to establish an increase in deficiency in tax over that set forth in the statutory notice of deficiency, the burden of proof with respect to the increase is upon him. This case involves contributions made to or on behalf of 29 different organizations, with an many as 50 separate contributions being made to at least one of the organizations. We do not believe that it would serve any real purpose here to discuss and analyze the separate contributions made to each one of these organizations. Suffice it to say that we have carefully considered the entire record in this case, including the exhibits and the oral testimony, [3] and have concluded that the petitioner did make charitable contributions in the total amount of $ 2,845.37 during the year 1977 and that he is entitled to a deduction in that amount for that year. As noted above, respondent has alleged in an amended answer that the amount allowed in the statutory notice for charitable contributions should be reduced by the amount of $ 904.22 because that *379 amount was paid to the Knights of Columbus and to St. Thomas More Church for petitioner's participation in bingo and raffle games. Actually, the amount allowed in the statutory notice of deficiency for contributions to these two organizations was $ 887.22. The only evidence offered by the respondent to sustain these allegations was the following paragraph in the second stipulation for trial: 9. The cancelled checks contained in Exhibit 4-D which are to St. Thomas More and to Knights of Columbus, Bishop Byrne Counsel [sic] were partially for petitioner's participation in bingo and raffles. Thirteen checks given by petitioner to Bishop Byrne and 30 checks given by petitioner to St. Thomas More were received in evidence. These checks were available to respondent when the notice of deficiency was prepared, and in the notice he disallowed some of the total amount of the checks and allowed the balance, with no explanation of why certain amounts were disallowed. At the trial, although the checks were in evidence, respondent made no effort to establish which checks were given by petitioner to pay for his participation in raffles and bingo games. It seems a fair assumption that, in *380 preparing the notice of deficiency, the amounts of the checks disallowed were considered to have been given for raffles and bingo games. In any event, we find that respondent has failed to sustain his burden of proof with respect to this item. Therefore, in arriving at the total amount of charitable contributions which petitioner is entitled to deduct, we have allowed contributions to the above organizations in the same amounts allowed in the statutory notice of deficiency. In reviewing the entire record, we find that any underpayment of tax was not attributable to negligence or intentional disregard of rules and regulations on the part of the petitioner. Therefore, the addition to tax, under section 6653(a), is not applicable in this case. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. At the trial, the Court reviewed with petitioner most of the individual contributions included in the amounts claimed by petitioner on his return.↩